# Orin C. Schrader, for Use of J. M. Hall, Plff. in Err., *v.* Burton Schrader.

The defendant in a scire facias to revive a judgment upon a promissory note, prosecuted for the use of an assignee of the judgment, permitted to interpose as an offset and defense, the value of support furnished by him to his mother, under an alleged agreement with the payee of a note (who was primarily liable to furnish such support) that the value thereof might be applied on the note.

NOTE.—For estoppel by declarations of no defense, or set off, see note to Scott v. Hart, 2 Sad. Rep. 529.

If the defendant in judgment of record informs an intending purchaser of the judgment that there are no offsets or defense thereto, and such intending purchaser thereupon, on the strength of such declaration, pays the purchase money for the judgment, the defendant will be estopped from thereafter setting up any offset or defense to the enforcement of the judgment.

(Argued May 4, 1888.   Decided May 25, 1888.)

January Term, 1888, No. 239, E. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ.   Error to the Common Pleas of Tioga County to review a judgment in favor of plaintiff for a less amount than claimed by him, in a scire facias (November term, 1883, No. 505) to revive a judgment (January term, 1874, No. 644, and January Term, 1879, No. 476) upon a promissory note.   Affirmed.

In June, 1870, Orin C. Schrader executed a bond in favor of his father and mother in the penal sum of $1,600, conditioned for their support and maintenance during their lives and the life of the survivor; this bond was secured by a mortgage upon real estate.

In October, 1873, Burton Schrader purchased the land covered by said mortgage, from Orin C. Schrader, the mortgagor, and gave as part of the consideration a note for $1,600, upon which, on warrant of attorney, judgment was entered to No. 644, January term, 1874.   This judgment was revived by amicable scire facias to No. 476, January term, 1879, and in 1883 it was assigned to John M. Hall, the present use plaintiff, who soon after caused the present scire facias to be issued to continue the lien.   The judgment defendant, Burton Schrader, filed an affidavit of defense to the whole claim, and obtained a rule opening the judgment and letting him in to defend, upon the plea of payment with leave.

The affidavit of defense alleged in substance that the original note was given for a balance of purchase money for land purchased from Orin C. Schrader, the plaintiff in the judgment, which was then encumbered by a mortgage given to secure a bond for the support of the father and mother of the plaintiff and defendant; that it was agreed between the defendant and Orin C. Schrader that the note was not to be paid until after the death of their father and mother, and then only in case the conditions of the bond and mortgage had been complied

with; that since about 1876, the defendant had supported the mother (the father having previously died), under an agreement with Orin C. Schrader, that such support, at its fair value, should be applied in payment of the note in suit.

At the trial, before WILSON, P. J., and a jury, the defendant was permitted to give evidence tending to support the offset and defense set up in said affidavit, although the use plaintiff claimed, and gave evidence tending to show, that previous to purchasing the judgment he asked the defendant if there was any offset or defense thereto, and that defendant replied that there was none; and that he (the use plaintiff) thereupon, and in reliance upon such statement, purchased the judgment and paid value therefor.

The defendant denied the making of the statement imputed to him; and the question as to whether or not it was made was strongly contested.

In connection with that question the plaintiff submitted the following point, which was affirmed by the court:

"If the jury believe that the defendant informed John Hall, the plaintiff, that he had no offsets or defense to said judgment, and upon the strength of such declaration Hall paid the purchase price of said judgment, Schrader is estopped from setting up at the trial any such offset or defense."

The jury returned a verdict for $476.50, in favor of plaintiff,—his claim being for $1,600, and interest. A motion for a new trial having been made and denied, judgment was entered upon the verdict, and plaintiff took this writ.

*J. B. & A. R. Niles* and *Foote & Channell* for plaintiff in error.

*H. Sherwood & Son, M. F. Elliott,* and *F. E. Watrous* for defendant in error.

PER CURIAM:

A careful examination of this case reveals nothing which tends to convict the court below of error.

The judgment is affirmed.